Theodore O. LOFTIN, Petitioner,

v.

UNITED STATES of America, Respondent.

Nos. 92–155–CIV–4–H, 91–58–01–CR–4.

United States District Court, E.D. North Carolina, New Bern Division.

Jan. 6, 1993.

J. Douglas McCullough, Office of the U.S. Atty., Raleigh, NC, for respondent.

Carl L. Tilghman, Beaufort, NC, for petitioner.

## ORDER

MALCOLM J. HOWARD, District Judge.

The matter before the court is the petition of Theodore O. Loftin, a federal prisoner, to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255. The United States responded and the matter is ripe for disposition.

Mr. Loftin was arrested on December 7, 1990, after the New Bern, North Carolina, police received a tip from a confidential informant advising that the petitioner was in the process of resupplying himself with cocaine. Agents set up surveillance at the place indicated by the informant. Mr. Loftin arrived and then drove away with Officer George Shaver in pursuit. A search of the petitioner's vehicle produced cocaine, marijuana, currency, and a .357 revolver. State charges against the petitioner were dismissed on May 28, 1991, following the return of a federal indictment on May 7, 1991. During pendency of the state court proceedings, Mr. Loftin was represented by Marcus Chestnutt of the law firm of Stubbs, Perdue, Chestnutt, Wheeler & Clemmons.

Following the return of the federal indictment, the Federal Public Defender appointed Gary H. Clemmons of the same firm to represent the petitioner. On June 11, 1991, an order was entered allowing Mr. Clemmons to withdraw because of a conflict of interest. Carl L. Tilghman was subsequently appointed, filing a notice of appearance on June 27, 1992.

The defendant's motion to continue trial until the court's August 5, 1991, term was granted to allow Mr. Tilghman time to adequately prepare for trial. Mr. Loftin was subsequently convicted on August 13, 1991, of possession with intent to distribute cocaine base and the use of a firearm during and in relation to a drug trafficking offense in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1). A sentence of 123 months imprisonment and forty-eight months super-vised release was imposed. No appeal was taken.

The petitioner filed this § 2255 motion on October 28, 1992, seeking relief on a variety of grounds. First, Mr. Loftin contends that evidence was used at trial came from an improper arrest. Second, he maintains that he was denied effective assistance of counsel because his first attorney's firm represented the arresting officer, apparently in an unrelated matter. Third, he argues that the court imposed an upward departure from the sentencing guidelines without notice or explanation. Fourth, the petitioner asserts that he was deprived of his right to confront his accusers when the government failed to disclose the name of a confidential informant and produce the informant for trial. Fifth, Mr. Loftin contends that the government failed to prove that he used a firearm in relation to a drug trafficking crime. Finally, he maintains that the court delivered prejudicial jury instructions.

## DISCUSSION

■ A federal prisoner claiming a right to release on grounds that the sentence imposed violates the Constitution or laws of the United States, the court lacks jurisdiction, the sentence exceeds the maximum allowed by law, or is otherwise subject to collateral attack may move to vacate, set aside, or correct the sentence. § 2255. None of the grounds put forward by Mr. Loftin are sufficient to merit relief.

■ A motion under § 2255 cannot be used as a substitute for matters that should have been raised on direct appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992). In order to obtain collateral relief based on trial errors from which no appeal was taken, a convicted defendant must show cause to excuse his default and actual prejudice resulting from the error from which he complains. *Coleman v. Thompson*, — U.S. —, 111 S.Ct. 2546, 115 L.E.2d 640 (1991). The claims concerning admissibility of evidence, the identity of the confidential informant, sufficiency of the government's case, and propriety of jury instructions are all

matters which should have been raised on direct appeal. Consequently, disposition of these claims turns on the existence of adequate cause and sufficient prejudice.

The only matter Mr. Loftin raises which might constitute cause is his claim of ineffective assistance of counsel which, if properly demonstrated, could serve as a basis for § 2255 relief. *See Belford*, 975 F.2d at 313, n. 1. The petitioner's contentions of inadequate representation focus on the conflict of interest resulting from Mr. Clemmons' firm's representation of Officer Shaver and Mr. Tilghman's failure to ascertain the identity of the confidential informant. Although it is not clear from the parties' submissions precisely how long Mr. Chestnutt and Mr. Clemmons represented the petitioner, it is apparent that Mr. Clemmons was replaced by Mr. Tilghman at least six weeks prior to trial. As a result, prejudice flowing from the conflict of interest, if any, was alleviated by Mr. Tilghman's appointment and the allowance of additional time for him to prepare for trial.

■ A defendant does not have an absolute right to confront an informant who does not testify against him. *Miller v. Sigler*, 353 F.2d 424 (8th Cir.1965), *cert. denied*, 384 U.S. 980, 86 S.Ct. 1879, 16 L.E.2d 690 (1966). Given the evidence seized in the arrest, the court is not convinced that production of the confidential informant at trial would have dictated a different verdict from the jury.

The defendant's attorney is a former Assistant United States Attorney and United States Attorney for this district and a well respected member of the bar. During the trial of this matter, the court observed Mr. Tilghman execute his duties as defense counsel in a thorough and professional manner. As a result, the court is satisfied that Mr. Loftin receive adequate representation at trial and that cause and actual prejudice do not exist to warrant relief on the claims of improperly admitted evidence, the confidential informant, failure of the prosecution to carry its burden of proof, improper jury instructions, and ineffective assistance of counsel.

Mr. Loftin's remaining claim concerns the determination of his sentence. Conviction under 21 U.S.C. § 841(a)(1) equates to an offense level of 26. U.S.S.G. § 2D1.1(a)(3).

The petitioner rated a criminal history score of zero and did not merit either enhancement or downward departure. As a result, the applicable guideline range was 63 to 71 months. Sentence on this count was set at the low end of the range, 63 months. Sentence on the § 924(c)(1) conviction is statutorily fixed at five years, consecutive to any other sentence imposed. Contrary to Mr. Loftin's assertion of upward departure, the court actually imposed the lightest punishment allowable under the circumstances.

Accordingly, it is hereby ORDERED that the defendant's motion for relief under 28 U.S.C. § 2255 is DENIED.