12 F.3d 1101
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Richard A. WYATT, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 93-1978.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 2, 1993*.
Decided Dec. 6, 1993.
 
 Before POSNER, Chief Judge, RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Richard Wyatt pleaded guilty to possessing with intent to distribute marijuana in violation of 21 U.S.C. Sec. 841(a)(1), and was convicted of using a firearm during that offense in violation of 18 U.S.C. Sec. 924(c). He was sentenced to consecutive terms of one day in prison for the Sec. 841(a)(1) conviction and sixty months in prison for the Sec. 924(c) conviction. Wyatt took a direct appeal, but his counsel moved to withdraw and filed a supporting brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which he argued that any appeal by Wyatt would be frivolous. In an unpublished order, we dismissed Wyatt's appeal as frivolous. See United States v. Wyatt, No. 91-2836 (7th Cir. Aug. 31, 1992).
 
 
 2
 In February of 1993 Wyatt filed a motion pursuant to 28 U.S.C. Sec. 2255, in which he claimed: (1) the government engaged in vindictive and selective prosecution by charging him with violating federal laws because similarly situated offenders were only charged with violating more-lenient state laws; (2) his prosecution in federal court, which followed his prosecution by state authorities, violated the Due Process and Double Jeopardy Clauses of the Fifth Amendment; (3) the government introduced insufficient evidence to support his conviction for using a firearm during his distribution of marijuana; (4) he received ineffective assistance of trial counsel; and (5) he received ineffective assistance of appellate counsel. The district court denied Wyatt's motion.
 
 
 3
 A Sec. 2255 motion cannot serve as a recapitulation of a direct appeal. Belford v. United States, 975 F.2d 310, 313 (7th Cir.1992). Issues that were raised on direct appeal cannot be raised in a subsequent Sec. 2255 motion, absent a showing of changed circumstances. Id.; Norris v. United States, 687 F.2d 899, 900 (7th Cir.1982). As the district court noted, the first four issues that Wyatt raises in his Sec. 2255 motion were raised in his direct appeal. In our order granting Wyatt's appellate counsel's motion to withdraw and dismissing the direct appeal, we expressly found each of these issues to be frivolous. Wyatt has not alleged changed circumstances of fact or law that would justify our reconsideration of them. Wyatt therefore is not entitled to relief based on any of the first four issues he raises in his Sec. 2255 motion.
 
 
 4
 Nor is Wyatt entitled to relief based on the fifth issue he raises in his Sec. 2255 motion: whether he received ineffective assistance of appellate counsel. The Sixth Amendment guaranteed Wyatt effective assistance of counsel in his direct appeal. Evitts v. Lucey, 469 U.S. 387, 396-97 (1985). To establish that his appellate counsel was ineffective, Wyatt must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). That is, he must establish (1) that his appellate counsel's performance fell below "an objective standard of reasonableness," id. at 688, and (2) that counsel's performance prejudiced the outcome such that it rendered the proceeding fundamentally unfair or made the result unreliable. Lockhart v. Fretwell, 113 S.Ct. 838, 842-44 (1993); Strickland, 466 U.S. at 687.
 
 
 5
 Constructive denial of counsel altogether is presumed to result in prejudice. Strickland, 466 U.S. at 692; United States v. Cronic, 466 U.S. 648, 659 (1984). Wyatt contends that he was constructively without representation during his appeal because we rejected his appellate counsel's initial motion to withdraw and ordered counsel to file a supplemental brief that would explain in more detail why Wyatt's appeal was frivolous. See United States v. Wyatt, No. 91-2836 (7th Cir. Feb. 29, 1992). In our order we stated that "[w]e are not convinced that Wyatt's attorney conducted a complete and thorough review of the record." Id. slip op. at 2. Wyatt highlights this statement as irrefutable evidence that his appellate counsel was constructively absent. We disagree. Wyatt's second Anders brief was "complete and well-detailed." United States v. Wyatt, No. 91-2836, slip op. at 2 (7th Cir. Aug. 31, 1992). That counsel was required to file a second Anders brief because his first was deficient does not amount to the egregious conduct necessary to establish prejudicial constructive absence of counsel, particularly when the second brief was satisfactory.
 
 
 6
 Wyatt cannot establish that the performance of his counsel otherwise prejudiced the result of his appeal. The performance of Wyatt's counsel did not render the outcome of Wyatt's appeal fundamentally unfair. Wyatt was not entitled to have frivolous arguments presented to the court; rather, he was entitled to have an attorney examine the trial court record and search for error that could serve as the basis of an appeal. Anders, 386 U.S. at 744. That Wyatt's counsel did not find a non-frivolous issue to raise on appeal did not render the appeal fundamentally unfair, as Wyatt suggests. See Polk County v. Dodson, 454 U.S. 312, 323 (1981). Wyatt's counsel had the duty to advise the court that he had found the appeal to be frivolous. Id.; Anders, 386 U.S. at 744. Nor did the performance of Wyatt's appellate counsel render the outcome of Wyatt's appeal unreliable. His Anders brief directed us to seven issues that Wyatt conceivably could have raised on appeal. Our review of the record revealed additional, possible issues. Quite apart from rendering the result of Wyatt's appeal unreliable, counsel's brief helped make the result of the appeal more reliable by identifying issues that we might not have identified in our review of the record. Cf. McCoy v. Court of Appeals of Wisconsin, District 1, 486 U.S. 429, 439 n. 13 (1988) (function of Anders brief is to enable court to decide whether appeal is so frivolous that appellant has no federal right to have counsel present his case).
 
 
 7
 The district court's judgment denying Wyatt's Sec. 2255 motion is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record