14 F.3d 605
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Jack W. SOUTHARD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee,
 No. 92-2460.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 19, 1993.*
Decided Dec. 17, 1993.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from the denial of a motion under 28 U.S.C. Sec. 2255 to vacate, set aside, or correct a sentence imposed to sanction criminal conduct which occurred prior to the effective date of the Sentencing Guidelines. The district court denied the motion finding that by failing to file a direct appeal Southard had procedurally defaulted and that he had not demonstrated cause and prejudice for the default. We affirm.
 
 
 2
 In 1988, a two-count federal indictment charged that sometime between June of 1985 and July of 1986, Jack Whitney Southard knowingly made false statements to obtain a passport in violation of 18 U.S.C. Sec. 1542, while engaged in a conspiracy to do the same, 18 U.S.C. Sec. 371. Following a plea of guilty, the district court sentenced Southard to five years' incarceration on the conspiracy count, suspended the imposition of a five-year sentence on the substantive count, ordered a five-year probationary period to run consecutive to his imprisonment, and fined him $250,000 on each count.[1] Southard filed a motion to withdraw his guilty plea, however, the motion was denied.
 
 
 3
 After Southard was released from prison in 1991, and began serving his probationary term, he filed a motion pursuant to 28 U.S.C. Sec. 2255, on the grounds that (1) he was sentenced on the basis of inaccurate information, (2) the sentence and fines imposed were disparate, and (3) the sentence was wrongfully based on a refusal to cooperate. The district court summarily denied the motion finding the Southard had procedurally defaulted by failing to raise the issues on direct appeal. The court rejected Southard's argument that he had established cause for his default because the district court failed to advise him of his right to appeal the sentence in compliance with Federal Rule of Criminal Procedure 32(a)(2). The court also rejected Southard's attempt to demonstrate cause and prejudice by arguing that his counsel was patently ineffective for failing to file a direct appeal.
 
 
 4
 On appeal, Southard argues that the district court erred in denying his Sec. 2255 motion on the basis of procedural default. He maintains that the district court had a duty under Rule 32(a)(2) to inform him of his right to appeal his sentence. So, shirking its duty, according to Southard, is sufficient "cause" to excuse his failure to appeal. This explicit duty, however, did not always exist. The earlier version of Rule 32(a)(2) stated in pertinent part: "There shall be no duty on the court to advise the defendant of any right of appeal after sentence is imposed following a plea of guilty or nolo contendere." Fed.R.Crim.P. 32(a)(2) (emphasis added), amended by, Pub.L. No. 98-473, Title II Sec. 215(a) (1984). With the advent of the Sentencing Guidelines, the rule was revised to require a court to expressly inform a defendant of his right to appeal a sentence imposed following a plea of guilty.[2] As with the Sentencing Guidelines, the revised rule applies only to offenses committed after November 1, 1987. See Pub.L. No. 98-473, Sec. 235, 1984 U.S.C.C.A.N. (98 Stat. 2014, 2031) 1987; Pub.L. No. 99-464 Sec. 25 (100 Stat. 3597). Because Southard was charged with and pleaded guilty to offenses that occurred in 1985-86, the district court had no duty to inform him of his appeal rights following sentencing.
 
 
 5
 More importantly, Southard has never expressly alleged that he was actually unaware of his right to appeal and, in fact, the record fairly indicates that Southard did know of this right. At the change of plea hearing, the district court advised Southard that as a consequence of acceptance his plea, he would be able to appeal only the sentence imposed and not every aspect of his case. Plea Tr. 10. Southard, a college-educated individual assisted by counsel of his choice, indicated his understanding to the court. Any failure to tell Southard of his right to appeal at the time of sentencing, then, could not amount to "cause" for the failure to file a direct appeal. See United States v. Mosley, 967 F.2d 242, 244 (7th Cir.1992). As the district court noted, "Southard had a duty to take an interest in his own defense. Henderson v. Cohn, 919 F.2d 1270 (7th Cir.1990).... He cannot lay on the court the blame for his failure to appeal or even to inquire about the possibility of an appeal." Sec. 2255 Motion Tr. 3.
 
 
 6
 So, Southard then pointed to his counsel's failure to file a direct appeal to excuse his default. If proven, ineffective assistance of counsel may serve as cause to excuse a procedural default. Rosenwald v. United States, 898 F.2d 585, 587 (7th Cir.1990). The mere failure to appeal an appealable judgment, however, is not per se ineffective. Belford v. United States, 975 F.2d 310, 315 (7th Cir.1992). To prove ineffective assistance, Southard must demonstrate both that his counsel's performance fell below an objective standard of reasonableness, and that the ineffective representation rendered the proceeding fundamentally unfair such that the result of the proceeding is unreliable. Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993); Strickland v. Washington, 466 U.S. 668, 694 (1984). Finding that Southard had not shown prejudice, the district court rejected this claim. Other than mentioning that the court rejected this claim, Southard has not presented any argument showing how he was prejudiced. Because we are not obligated to develop an argument on his behalf, we need not address the propriety of the district court's ruling with respect to the ineffective assistance claim. Belford, 975 F.2d at 315.
 
 
 7
 In sum, because Southard has failed to demonstrate cause for his procedural default, the district court properly refused to address the issues raised in his motion under Sec. 2255. Accordingly, the district court's decision is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 In the course of the investigation, $1.5 million along with a large quantity of marijuana was discovered in a locker identified as Southard's. Apparently in reliance on this and other indications of Southard's assets, the judge imposed a fine totaling $500,000. Tr. 39
 
 
 [2]
 The revised Rule 32(a)(2) provides in pertinent part:
 "There shall be no duty on the court to advise the defendant of any right to appeal after sentence is imposed following a plea of guilty or nolo contendere, except that the court shall advise the defendant of any right to appeal the sentence."