42 F.3d 1391
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph T. DAVIS, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 93-1602.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 21, 1994.*
Decided Dec. 7, 1994.
 
 Before FAIRCHILD, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 In June of 1985, this court affirmed the conviction of Joseph Davis, see R. at 87, United States v. Davis, Nos. 84-2043 and 84-2958 (7th Cir. June 3, 1985) (unpublished order). Davis now appeals the denial of his motion for post-conviction relief brought pursuant to 28 U.S.C. Sec. 2255. We affirm.
 
 
 2
 It is well settled in this circuit that matters not raised on direct appeal may not be raised in a subsequent Sec. 2255 proceeding unless the petitioner can show cause for the procedural default as well as actual prejudice resulting from the failure. United States v. Frady, 456 U.S. 152 (1982); Patel v. United States, 19 F.3d 1231, 1234 (7th Cir.1994); United States v. Robinson, 8 F.3d 398, 406 n. 8 (7th Cir.1993); Bontkowski v. United States, 850 F.2d 306, 313 (7th Cir.1988); Norris v. United States, 687 F.2d 899 (7th Cir.1985). In support of his motion, Davis alleges that (1) the government failed to provide possibly exculpatory information in violation of Brady v. Maryland, 373 U.S. 83 (1963) (obligating disclosure by the prosecution of all material favorable to a criminal defendant); (2) the government knowingly used perjured testimony to secure his conviction; and (3) he was denied effective assistance of counsel at the pretrial, trial and appellate levels. Of these allegations, Davis raised only the issue of ineffective assistance of counsel on direct appeal.
 
 
 3
 Davis maintains that the ineffective assistance rendered by his appellate counsel constitutes cause for the failure to raise the aforementioned allegations on direct appeal.[1] In Murray v. Carrier, 477 U.S. 478, 488 (1985), the Supreme Court held that "[s]o long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, [466 U.S. 668 (1984), there is] no inequity in requiring him to bear the risk of attorney error that results in a procedural default." Furthermore, the Court stated "[a]ttorney error short of ineffective assistance of counsel does not constitute cause for a procedural default even when that default occurs on appeal rather than a trial." Id. at 492. Thus, if the performance of appellate counsel meets the Strickland test for constitutional adequacy, "cause" for the procedural default will not be found based on ineffective assistance of counsel, and all allegations raised in the post-conviction motion that were not brought on direct appeal are barred from consideration. See Robinson, 8 F.3d 405-06.
 
 
 4
 In Strickland the Court delineated a two-part test for establishing whether a defendant has been denied effective assistance of counsel in violation of the Sixth Amendment. First, counsel's performance must fall below a standard of reasonably effective assistance considering all the circumstances. Strickland, 466 U.S. at 668, 694. Second, the petitioner must show that due to counsel's deficient performance the result of the proceeding was fundamentally unfair or unreliable. See Lockhart v. Fretwell, 113 S.Ct. 838, 841 (1993) (citing Strickland, 466 U.S. at 688, 694). The court stated that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." 466 U.S. at 690.
 
 
 5
 Davis asserts that his appellate counsel performed ineffectively by failing to adequately address the ineffectiveness of Davis' pretrial and trial counsel. Davis argues that although appellate counsel raised the issue generally on appeal, counsel neglected to specifically argue that pretrial and trial counsel erred by not meeting with Davis on a regular basis, by not raising all defenses requested by Davis and by insufficiently investigating the facts. Davis' claim fails, foremost, because appellate counsel did raise the issue of ineffective assistance of trial counsel on direct appeal to the Seventh Circuit. The allegation was considered by this court, and found meritless. See R. 87 (finding conduct of trial counsel to be "more vigorous and exhaustive than many others" recently witnessed.) In light of the standard by which counsel's performance is reviewed, Davis cannot overcome a previous determination on the performance of trial counsel by now asserting that appellate counsel somehow failed to properly argue the ineffectiveness of trial counsel. See Page v. United States, 884 F.2d 300 (7th Cir.1989) (holding that the question is not whether counsel was somehow inadequate but whether counsel's conduct was so grossly inadequate as to require appellate counsel to present the issue on appeal in order to provide effective assistance). Accordingly, we find the performance of Davis' appellate counsel adequate under the test of Strickland and thus, AFFIRM the denial of Davis' motion. Davis did not establish "cause" for his procedural default and consequently, all claims not raised on direct appeal are barred from review.[2]
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Davis has filed such a statement. After considering that statement, the briefs and the record, the request for oral argument is denied and the appeal is submitted on the briefs and the record
 
 
 [1]
 We note that Davis does not attempt to establish cause for his procedural default, either before the district court or here, by showing that his claims were dependent on evidence outside the record existing at the time of his direct appeal. See, e.g., United States v. Soto, 37 F.3d 252, slip op. at 2 (7th Cir. September 22, 1994)
 
 
 [2]
 A narrow exception to the cause and prejudice standard exists. "Where a constitutional violation has probably resulted in the conviction of one who is actually innocent, the Supreme Court has stated that the cause and prejudice standard should not preclude consideration of a Sec. 2255 motion." Belford v. United States, 975 F.2d 310, 315 n. 4 (1992) (quoting Carrier, 477 U.S. at 495-96: "[W]e think that in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.") Davis however, has not sufficiently persuaded this court of the occurrence of a "manifest miscarriage of justice."