64 F.3d 665
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Larry D. COOPER Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1524.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 10, 1995.[1]
Decided Aug. 11, 1995
 
 Before FLAUM, RIPPLE and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Larry Cooper appeals the district court's denial of his motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255. We affirm.
 
 
 2
 In August 1988, Cooper was indicted for conspiring to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. Sec. 846. Cooper was one of several individuals operating under the conspiracy's leader, Daryl O. McCleese. Cooper was convicted by a jury, and, on March 16, 1990, sentenced to 135 months in prison. At sentencing, the district court held Cooper accountable for in excess of five kilograms of cocaine, because Cooper was aware of or could reasonably foresee the extent of McCleese's activities. Cooper challenged this finding, and several others, in this court, which affirmed the district court in all respects. See United States v. Cooper, 942 F.2d 1200 (7th Cir. 1991), cert. denied, 112 S. Ct. 1303 (1992).
 
 
 3
 While Cooper raised several issues in his motion before the district court, he only pursues one on this appeal: whether the district court erred in refusing to vacate his sentence on the grounds the relevant conduct attributed to Cooper under Sec. 1B1.3 of the guidelines was erroneous, in light of the addition of illustrations to the commentary. Specifically, Cooper maintains that the district court did not have the benefit of two illustrations added to the application notes in 1992.[2] See U.S.S.G. Sec. 1B1.3, comment. (n.2 (c)(7) & (c)(8)). Cooper argues that the illustrations show that only a much smaller quantity of cocaine could properly be attributed to him.
 
 
 4
 Cooper's contention fails. First, his argument regarding the amount of cocaine attributable to him has previously been presented to this court on direct appeal. Issues that were raised on direct appeal cannot be raised again under Section 2255, absent a showing of changed circumstances. Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992). There have been no changed "circumstances," as the amendments to Sec. 1B1.3, which were effective November 1, 1992, did not result in any change in the law. See United States v. Banks, 987 F.2d 463, 468 n.6 (7th Cir. 1993). The standard applied in determining the quantity of cocaine that could be attributed to Cooper as a conspirator was "based upon the amount of drugs involved in all transactions known to the defendant or that were reasonably foreseeable." Cooper, 942 F.2d at 1206. The "reasonably foreseeable" test remains the standard today. See U.S.S.G. Sec. 1B1.3(a)(1)(B). See, e.g., United States v. Salinas, No. 95-1144, slip op. at 5 (7th Cir. July 24, 1995).
 
 
 5
 Further, the illustrations argued by Cooper pertain to street dealers with limited contact with the larger conspiracy and couriers that are not involved in the activities of other participants. See generally U.S.S.G. Sec. 1B1.3, comment. (n.2 (c)(7) & (c)(8)). These illustrations have no application to Cooper, who was a long-time associate of McCleese, dealt with quantities of cocaine far larger than he admitted, was well-acquainted with McCleese's drug activities, and who attempted to warn McCleese of on-going drug investigations. See Cooper 942 F.2d at 1206.[2]
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to the Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [2]
 Cooper was sentenced under the 1989 guidelines. A sentencing court is required to apply the guidelines in effect at the time of sentencing (absent ex post facto issues). See United States v. Lykes, 999 F.2d 1144, 1147-50 (7th Cir. 1993)
 
 
 [2]
 The district court also concluded that vacating the sentence was improper under 18 U.S.C. Sec. 3582(c), as the guidelines' range had not been lowered by the amendments. See United States v. Jones, 55 F.3d 289, 296 (7th Cir. 1995)