78 F.3d 587
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles POWELL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-2516.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 28, 1996.
Decided March 1, 1996.
 
 Before FAIRCHILD, COFFEY and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Charles Powell pled guilty, pursuant to a written plea agreement, and was convicted of attempt to possess with intent to distribute cocaine, in violation of 18 U.S.C. § 2, 21 U.S.C. §§ 841(a) and 846, and was sentenced to 121 months' imprisonment. Powell filed a direct appeal but later voluntarily dismissed that appeal. Subsequently Powell filed a pro se motion to vacate or reduce sentence pursuant to 28 U.S.C. § 2255. The district court denied the motion and Powell now appeals.
 
 
 2
 A failure to raise constitutional challenges to a conviction or sentence on direct appeal bars a petitioner from raising the issues in a subsequent proceeding brought pursuant to 28 U.S.C. § 2255 unless the petitioner can show good cause for and prejudice from the failure to appeal. Belford v. United States, 975 F.2d 310, 313 (7th Cir.1992).
 
 
 3
 In order to avoid procedural default, Powell alleges ineffective assistance of both his trial and appellate counsel. Under Strickland v. Washington, 466 U.S. 668, 687-89 (1984), petitioner must show that counsel's performance was deficient, and then show that the deficient performance prejudiced the defense.
 
 
 4
 The government argues that there simply were no issues to raise on direct appeal. Powell maintains that trial counsel was ineffective in advising him to plead guilty without adequately investigating the case, or discussing the charges in detail. The plea was not knowing and voluntary, Powell argues, "because counsel failed to discuss the charges in detail, failed to investigate the case and apply the facts of the case in relation to the law." (Appellant's Reply Brief, p. 7)
 
 
 5
 The record indicates that the plea hearing was conducted in conformity with Fed.R.Civ.P. 11.[2] Powell complains that the weight of the cocaine was not included in the government's offer of proof of the factual basis to support the plea. Weight is not an essential element of the offense. See United States v. McNeese, 901 F.2d 585, 600-01 (7th Cir.1990) (weight is only a sentencing consideration).
 
 
 6
 During the plea hearing, the court went to great lengths to detail the terms and consequences of the plea. Powell was permitted to consult with his attorney repeatedly. Moreover, in view of Powell's criminal history and the strong evidence in this case, it made practical sense for counsel to advise Powell to plead guilty. Powell has failed to demonstrate any error.
 
 
 7
 Powell also maintains that trial counsel was ineffective because he failed to correct erroneous information in the presentence investigation report (PSI). The money he and the codefendant (Dunlap) contributed for the purchase "was not pooled ... but, rather, each of the individuals had their money in separate rooms" at the time of the arrest. (Appellant's brief, p. 5) Powell believe he should only be held responsible for three of the five kilograms, and thus counsel should have objected to the base offense level "on the premise that Powell had no intention of possessing or distributing the two kilograms Dunlap sought to purchase.
 
 
 8
 The record shows, however, that Powell was properly sentenced based on the "quantity of drugs found to be part of the same course of conduct or common scheme or plan as the offense of conviction." United States v. Hatchett, 31 F.3d 1411, 1419 (7th Cir.1994). The PSI shows that it was Powell who controlled access to the cocaine broker and ordered the five kilograms on behalf of himself and his codefendant. The reasons for making the buy together, and how the cocaine was to be split later, are not relevant to this inquiry. Counsel did not err in raising no objection.
 
 
 9
 In regard to appellate counsel, Powell argues that "the facts speak for themselves," since counsel "improvidently advised Powell to voluntarily dismiss his direct appeal because, as counsel stated, he believed it would be better to approach the government and attempt a [Fed.R.Crim.P.] 35." (Reply Brief, p. 9) Powell has failed to show any claim which could possibly have succeeded on appeal.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument. See Fed.R.App.P. 34(a); Cir.R. 34(f). We have considered the statement submitted by the Appellant, and conclude that the appeal is submitted on the parties' briefs and the record
 
 
 [2]
 Powell's argument that he did not understand the plea proceeding is also not supported by the record. He received the plea agreement and signed it four days prior to the hearing