124 F.3d 205
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles COFER, Defendant-Appellant.
 No. 96-2005.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 23, 1997.*
Decided June 26, 1997.
 
 Before POSNER, CUMMINGS and BAUER Circuit Judges.
 Appeal from the United States District Court for the Southern District of Illinois, East St. Louis Division, No. 89-500018-WLB; William L. Beatty, Judge.
 
 ORDER
 
 1
 Charles Cofer appeals the district court's denial of his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. Cofer argues that the court erred in invoking procedural default rules and in refusing to afford him an opportunity to show cause for, and prejudice resulting from, his failure to raise substantive issues on direct appeal from his criminal conviction. We affirm.
 
 
 2
 On July 27, 1989, Cofer pled guilty to one count of attempting to knowingly possess with intent to distribute approximately 272 grams of "crack" cocaine, a substance containing a cocaine base. Cofer was sentenced to 216 months' imprisonment. Cofer did not appeal his conviction or sentence, but instead filed a motion to vacate his sentence pursuant to section 2255. Cofer argued that the statute under which he pled guilty and the corresponding Sentencing Guidelines are unconstitutionally vague. The district court denied this motion, and we affirmed. Cofer v. United States, 986 F.2d 1424 (7th Cir.1993).
 
 
 3
 On March 27, 1995, Cofer filed a motion for a return of seized property, in which he argued that the forfeiture of his property seized at the time he was arrested violated the Double Jeopardy Clause. The district court denied the motion. Cofer moved for reconsideration and sought to convert this motion into another section 2255 motion. The district court also denied this motion.
 
 
 4
 On December 4, 1995, Cofer filed a second section 2255 motion, again alleging a violation of the Double Jeopardy Clause and a miscalculation of the Sentencing Guidelines. The district court sent a copy of the motion to the United States Attorney's Office with instructions that no responsive pleading was required. The district court then summarily dismissed the motion on procedural default grounds pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.[1] Under 28 U.S.C. § 2253, the court also granted Cofer a certificate of probable cause to appeal the denial of his section 2255 motion.
 
 
 5
 On appeal, Cofer argues that the district court's sua sponte invocation of the procedural default rules violated Henderson v. Thieret, 859 F.2d 492 (7th Cir.1988), which he claims "prohibits sua sponte consideration of the procedural default rules unless and until the government is presented with the opportunity to invoke the defense in the first instance." We disagree. Henderson held that the district court may raise the question of procedural default sua sponte but may not consider procedural default where the state implicitly or explicitly indicates a desire to waive that defense. Id. at 498. Because the government did not respond to Cofer's second section 2255 motion nor was it expected to, it did not (and could not) explicitly or implicitly forego a waiver defense and have such decision overridden by the district court.
 
 
 6
 Cofer also argues that the district court's sua sponte dismissal prevented him from demonstrating cause for, and prejudice resulting from, his failure to raise the Double Jeopardy and Sentencing Guideline miscalculation issues on direct appeal. See Belford v. United States, 975 F.2d 310, 313 (7th Cir.1992). In Cofer's second section 2255 motion, he explained that he did not raise the double jeopardy issue on direct appeal because of "new case law on fifth amendment double jeopardy." We agree with the district court that Cofer has failed to show how he was prejudiced by not raising the issue on direct appeal. (See district court orders of June 13 and July 10, 1995).
 
 
 7
 Similarly, Cofer cannot show prejudice arising from the application of the sentencing guidelines. The existing guideline was properly applied when Cofer was sentenced, and Cofer in fact pled guilty to possessing 272.5 grams of cocaine base.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 The district court also noted substantive problems with Cofer's double jeopardy claim that precluded a determination of prejudice: (1) that Cofer had not filed a claim in the civil forfeiture proceedings, jeopardy thus not attaching, see United States v. Torres, 28 F.3d 1463 1465 (7th Cir.1994), and (2) that the forfeiture occurred after Cofer's conviction; not before. See Smith v. United States, 76 F.3d 879, 881 (7th Cir.1996)