134 F.3d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jeffrey C. STRANG, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 97-3215.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 19, 1997.[1]
Decided Jan. 7, 1998.
 ORDER
 
 1
 Jeffrey Strang was indicted on multiple charges of conspiracy, mail fraud, money laundering, and securities fraud back in May of 1993 After a jury trial he was convicted on conspiracy, mail fraud, money laundering, and conspiracy to commit money laundering charges. The securities fraud charges were dismissed before the case went to the jury.
 
 
 2
 Strang appealed his conviction to us, and we affirmed. United States v. Strang, 80 F.3d 1214 (7th Cir.1996). Almost a year after our decision, Strang filed a pro se petition to set aside his sentence under 28 U.S.C. § 2255. That motion was denied by the district court and Strang, still proceeding pro se, appeals.
 
 
 3
 Strang based his § 2255 petition on three claims: (1) that his due process rights were violated as a result of the government's suppression of evidence, (2) that the government improperly suppressed the transcript of Robyn (Jeffrey's father) Strang's change of plea hearing, and (3) that the government suppressed certain "raw data" or financial information which provided the basis for the governments summary charts which were admitted into evidence during his trial.
 
 
 4
 It goes without saying that a § 2255 motion is not a substitute for direct appeal. It is also not a forum for redesigning claims that were in fact raised on direct appeal. And as anyone who has studied the results of appeals in criminal cases in federal courts of appeals knows, although it is unusual for a defendant in a criminal case to win a direct appeal, it is even harder to obtain relief in a § 2255 petition.
 
 
 5
 There are three types of issues that a § 2255 motion cannot raise: (1) issues that were raised on direct appeal; (2) nonconstitutional issues that could have been but were not raised on direct appeal, and (3) constitutional issues that were not raised on direct appeal unless the petitioner can demonstrate cause and prejudice for the failure to raise them. Belford v. United States, 975 F.2d 310 (7th Cir.1992).
 
 
 6
 We have reviewed the record in this case and the thorough treatment of Mr. Strang's § 2255 petition by the district judge. We have nothing to add to the district judge's thorough consideration of the issue. Accordingly, for the reasons noted by Judge Michael Mihm in his decision of July 21, 1997, the order to which Mr. Strang takes exception is
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)