Gerald MEACHUM, Petitioner–
Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 01–3040.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 18, 2001.

Decided Jan. 25, 2002.

Rehearing and Rehearing En Banc
Denied March 6, 2002.

Before COFFEY, EASTERBROOK,
and ROVNER, Circuit Judges.

Order

On the direct appeal in this criminal prosecution under the Hobbs Act, 18 U.S.C. § 1951, we wrote that:

The evidence of guilt is sufficient; indeed it is overwhelming, based on eyewitness testimony, recorded conversations (including recordings of robberies being committed and the immediate aftermath), and physical evidence, such as crack cocaine found in the officers' lockers. The evidence of a connection between the robberies and interstate commerce was at least as strong here as in *United States v. Thomas*, 159 F.3d 296 (7th Cir.1998), and *United States v.*

*Staszcuk*, 517 F.2d 53 (7th Cir.1975) (en banc).

*United States v. Meachum*, No. 98–2494 (7th Cir. July 15, 1999) (unpublished order). Now, in a collateral attack under 28 U.S.C. § 2255, Meachum contends that the evidence did not establish a connection between his acts and interstate commerce. Although he casts this in the language of jurisdiction—wrongly, for reasons given in *United States v. Martin*, 147 F.3d 529, 531–33 (7th Cir.1998), which holds that the commerce element of an offense is unrelated to the court's subject-matter jurisdiction—it is nothing but a replay of an argument already considered and resolved adversely to him.

As we have held in *Belford v. United States*, 975 F.2d 310, 312 (7th Cir.1992), and many other cases, proceedings under § 2255 cannot be used to revisit arguments already resolved by the court of appeals, unless later authority undercuts the principles used to decide the earlier appeal. Meachum invokes *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), and *United States v. Morrison*, 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), which held that two statutes exceeded Congress' authority under the Commerce Clause. Lopez was decided before Meachum's direct appeal and therefore does not occasion a new look at the subject, and Morrison did not alter the principles announced in Lopez. Neither decision implies that there is any constitutional problem with the Hobbs Act. The statutes at issue in Lopez and Morrison lacked any requirement that the litigant establish an effect on commerce. The Hobbs Act, by contrast, contains such a requirement. The only commerce-related question in a Hobbs Act case is whether the commerce element of the offense has been proven. Our prior decision held that

it had been, and that answer remains definitive.

Affirmed.