**UNITED STATES of America, Plaintiff,**

v.

**Christopher Richard MESSINO, Clement A. Messino, et al., Defendants.**

**No. 93 CR 294.**

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 10, 1995.

L. Felipe Sanchez, Asst. U.S. Atty., Chicago, IL, for U.S.

Marc William Martin, Chicago, IL, for Christopher Richard Messino.

Douglas P. Roller, Naperville, IL, E.E. Edwards, III, Harvey, IL, for Clement A. Messino.

Linda Amdur, Chicago, IL, for Michael Homerding.

Robert A. Loeb, Chicago, IL, for Donald Southern.

Donna Hickstein–Foley, Chicago, IL, for William Underwood.

Gerardo Gutierrez, Chicago, IL, for Christopher B. Messino.

Robert L. Gevirtz, Gevirtz, Born & Kissel, Northfield, IL, for Blaise Messino.

Joseph R. Lopez, Chicago, IL, for Paul Messino.

Walter Jones, Jr., Chicago, IL, for Thomas Hauck.

Edna Selan Epstein, Chicago, IL, for Gray Chrystall.

Leland Shalgos, Chicago, IL, for Daniel C. Shoemaker.

Steven A. Greenberg, Richard Friedman, Chicago, IL, for Lawrence Thomas.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is the Motion of Defendants Clement Messino and Christopher Richard Messino to Dismiss Indictment, filed two court days before their criminal trial is set to begin. The motion involves the double jeopardy implications of parallel civil forfeiture and criminal prosecutions.

This court has already ruled on the double jeopardy effect of the parallel civil forfeiture proceeding (*United States v. Michelle's Lounge*, No. 91 C 5783, N.D.Ill.) on this case in its Memorandum Opinion and Order dated December 19, 1994, at 9–11. There this court held, following straightforward indications to that effect in *United States v. Torres*, 28 F.3d 1463, 1465–66 (7th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994), that since the hearing on the merits had not begun in the civil forfeiture case, jeopardy had not yet attached. "You can't have double jeopardy without a former jeopardy," *Torres*, 28 F.3d at 1465, so under this court's analysis the double jeopardy argument was a nonstarter.

Defendants were thus alerted to the reality that, without some further development in the civil proceeding, this court would not view any jeopardy as having attached. Christopher Richard Messino and Clement Messino tried to force such a further development in the civil proceeding by moving for "confession of judgment" before the civil forfeiture court. *See United States v. 167 Woodland Rd.*, Civ. A. No. 94–10851–RWZ, 1994 WL 707129 (D.Mass. Dec. 2, 1994)

(where the strategy, or at least the civil forfeiture phase of the strategy, worked). The government, hoping to avoid even the chance of a double jeopardy dismissal of the instant indictment, then moved to dismiss at least certain portions of the civil forfeiture complaint.

The judge presiding over the civil forfeiture case has neither ruled on any motion nor entered any judgment, confessed or otherwise. The double jeopardy effect of her granting defendants' motions and entering a confession of judgment would be another issue.[1] Here that issue is avoided, however, because the judge presiding over the civil forfeiture case has not entered the orders defendants sought to have entered. Therefore, even under defendants' double jeopardy theory, no jeopardy has attached, as the following discussion explains.

Defendants argue, without authority, that the civil forfeiture judge's "ruling and entry of judgment . . . is a ministerial and administrative act which does not affect the double jeopardy implications of the forfeiture of defendants' assets." (Memorandum of Law in Support of Motion of Defendants Clement Messino and Christopher Richard Messino to Dismiss Indictment at 5.) This is not true. The court neither has found nor has been pointed to any cases to this effect, but turns to the analogous double jeopardy question of when jeopardy attaches on a plea of guilty. The Seventh Circuit has indicated that " '[j]eopardy . . . attaches with acceptance of [a defendant's] guilty plea.' " *United States ex rel. Stevens v. Circuit Court of Milwaukee County*, 675 F.2d 946, 948 (7th Cir.1982) (citation omitted); *see also United States v. Smith*, 912 F.2d 322, 324 (9th Cir.1990) (collecting cases); *Fransaw v. Lynaugh*, 810

F.2d 518, 523–24 & n. 9 (5th Cir.) (collecting cases and stating this "seems to be the general rule"), *cert. denied*, 483 U.S. 1008, 107 S.Ct. 3237, 97 L.Ed.2d 742 (1987). Indeed, any contrary indications in the cases appear to be that something *more*, not less, is required for jeopardy to attach. *See id.* at 524 n. 9. So, to draw an analogy, the civil forfeiture judge has not yet accepted (and may never accept, for all this court knows) the civil equivalent of a plea of guilty. One could argue that the analogy to a criminal guilty plea is flawed, since Rule 11 of the Federal Rules of Criminal Procedure provides for a court's acceptance or rejection of a guilty plea, and there is no civil analogue generally to such scrutiny of a civil settlement. But defendants cannot have it both ways. If civil forfeiture is so punitive that it constitutes jeopardy, then entry of a judgment against a claimant under any circumstances is hardly a ministerial task. And, even if the analogy does not hold up, the court is simply not persuaded that the entry of judgment on defendants' motions is so ministerial that court action would not be required for jeopardy to attach. No jeopardy attached, even assuming entry of the confessions of judgment would have lead to such a result.[2]

■ Defendant Clement Messino also argues that jeopardy attached upon the two civil pretrial releases of assets to pay attorney's fees pursuant to (1) the Seventh Circuit's mandate in *United States v. Michelle's Lounge*, 39 F.3d 684 (7th Cir.1994), and (2) the civil forfeiture judge's holding that the *Michelle's Lounge* directive applied to certain attorney's fees in the civil proceeding, *United States v. Michelle's Lounge*, No. 91 C 5783, 1995 WL 29576, Memorandum Opinion

---

1. The court has reservations as to whether the procedural maneuver defendants attempted would have succeeded, even had they secured entry of a confession of judgment. In *Torres*, the Seventh Circuit held that someone who did not appear in a civil forfeiture proceeding was not put in constitutional jeopardy by that proceeding. 28 F.3d at 1465–66. Key for the *Torres* court was the fact that "[t]here was no trial; the [property] was forfeited *without opposition.*" *Id.* at 1465 (emphasis added). Here too, when thought of realistically, the civil forfeiture judgment would have been entered "without opposition" in any meaningful sense. It is hard to imagine that

a claimant who jumped into a civil forfeiture case just long enough to say he had nothing to say could later claim he opposed the forfeiture such that jeopardy attached under *Torres.*

2. Defendants also raise a conclusory due process argument based on the burdens of parallel proceedings. Such a broad-based attack on the parallel proceedings themselves is belied by Seventh Circuit guidance as to how to guarantee constitutional rights in such parallel proceedings. The proceedings as a general matter have survived review in *Michelle's Lounge.*

and Order (N.D.Ill. Jan. 23, 1995). For two reasons, jeopardy did not attach upon these releases. First, this result is the only way to make sense of relevant holdings of the Seventh Circuit. If a *Michelle's Lounge* hearing bars the parallel criminal proceeding as double jeopardy, then the direction to civil forfeiture courts to hold *Michelle's Lounge* hearings to preserve criminal defendants' rights is absurd. The *Michelle's Lounge* hearing would commence, and then seconds later be concluded as moot, since its commencement barred the criminal procedure for which attorney's fees would be secured. Just as ridiculous, in the criminal forfeiture context, *see United States v. Moya–Gomez,* 860 F.2d 706 (7th Cir.1988), *cert. denied,* 492 U.S. 908, 109 S.Ct. 3221, 106 L.Ed.2d 571 (1989), the hearing would be rather short, upon its commencement disposing of the underlying criminal indictment. Second, the holding in *United States v. Moya–Gomez,* on which the *Michelle's Lounge* holding was based, was that a *"pretrial,* postindictment restraint of a defendant's assets without affording the defendant an immediate, postrestraint, adversary hearing at which the government is required to prove the likelihood that the restrained assets are subject to forfeiture violates the due process clause to the extent that it actually impinges on the defendant's qualified right to counsel of choice." *Moya–Gomez,* 860 F.2d at 731 (emphasis added). The Seventh Circuit in these cases appears to be talking about preliminary proceedings, and if jeopardy attached upon preliminary proceedings, then it would attach upon the initial probable cause finding that initiated the civil forfeiture case, a finding again that would render much of the caselaw nonsense. *See United States v. Stanwood,* 872 F.Supp. 791, 798–99 (D.Or.1994) ("[T]he government's seizure of property at the outset of a civil forfeiture action does not constitute punishment for double jeopardy purposes.") Such a conclusion is supported by language in *Torres* that "[a]t the beginning of the hearing, when evidence is first presented to the

trier of fact in a proceeding seeking to impose a penalty for crime, jeopardy 'attaches.'" *Torres,* 28 F.3d at 1465. *Michelle's Lounge/Moya–Gomez* proceedings simply do not fit this description. Thus jeopardy did not attach during those proceedings [3] or upon entry of orders releasing assets to pay attorneys.

■ Lastly to consider is defendants' request that the trial in this cause, set for the next court day as this court writes, be stayed pending defendants' interlocutory appeal of this order. Such an interlocutory appeal from denial of a motion to dismiss an indictment on double jeopardy grounds is authorized by *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977); *see also United States v. Powers,* 978 F.2d 354, 358 (7th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1323, 122 L.Ed.2d 708 (1993). However, where the double jeopardy claim is "frivolous or fail[s] to raise a colorable claim of double jeopardy," the district court retains jurisdiction despite the interlocutory appeal. *Powers,* 978 F.2d at 358; *see also United States v. Cannon,* 715 F.2d 1228, 1231 (7th Cir.1983), *cert. denied,* 464 U.S. 1045, 104 S.Ct. 716, 79 L.Ed.2d 178 (1984). The court views its holding as following inevitably from established precedent, and so does not believe the double jeopardy claim is colorable. No stay will issue.

The Motion of Defendants Clement Messino and Christopher Richard Messino to Dismiss Indictment is denied.

---

3. Actually, on neither release of assets were there proceedings on whether any property was subject to forfeiture. For the release to pay fees in the criminal case, the parties entered a stipulation. For the release to pay attorneys for certain aspects of the civil case, the government chose to appeal the court's January 23 order, and apparently declined to participate in the ordered hearing. A determination, even a preliminary determination, by the civil forfeiture court that the property was subject to forfeiture appears never to have occurred.