**UNITED STATES of America**

v.

**Russell G. PEARSON, Defendant.**

**Nos. CR 92–40–RE, CV 95–56–RE.**

United States District Court,
D. Oregon.

May 5, 1995.

Kristine Olson Rogers, U.S. Atty., D.Or. and Robert G. Thomson, Asst. U.S. Atty., Portland, OR, for the U.S.

Paul M. Ferder, Ferder, Brandt & Casebeer, Salem, OR, for defendant.

*OPINION AND ORDER*

ROBERT E. JONES, District Judge:

The court has received defendant's petition for relief under 28 U.S.C. § 2255 based on a claim of double jeopardy. The matter has been fully briefed and is ready for decision without further hearing.

■ After considering the materials submitted by defendant I conclude that the motion must be denied. This court has recently ruled that jeopardy attaches in a civil forfeiture action when final judgment of forfeiture is entered. *United States v. Stanwood,* 872 F.Supp. 791 (D.Or.1994). I have considered defendant's arguments in favor of a later time of attachment, but stand by the rule announced in *Stanwood.*

■ The record clearly establishes that defendant entered a guilty plea to a federal charge of conspiracy to manufacture marijuana on January 4, 1993. Subsequently a default judgment was entered in the state forfeiture case on January 13, 1993, and a final judgment was entered in the federal forfeiture case on January 22, 1993. Therefore, jeopardy attached first in the criminal case, and defendant's conviction did not violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

■ In the alternative, defendant seeks to have the federal civil forfeiture judgment set aside. However, such a request should be made by motion in the civil forfeiture case, CV92–502–BE. Accordingly, I do not reach the double jeopardy issues raised in the civil forfeiture case at this time. Blair's petition under 28 U.S.C. § 2255 is denied, without prejudice to any claims for relief which he may have in the civil forfeiture case.