59 F.3d 173
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Jerry Dean MONTGOMERY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1750.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 16, 1995.*
Decided June 22, 1995.
 
 Before Bauer, Easterbrook and Manion, Circuit Judges.
 
 ORDER
 
 1
 Jerry D. Montgomery pleaded guilty to one count of conspiracy to manufacture marijuana in violation of 21 U.S.C. Secs. 841(a)(1) and 846, and was sentenced to eight years imprisonment, five years supervised release, and ordered to pay a special assessment of $50.00. We affirmed Montgomery's sentence on direct appeal where Montgomery challenged the factual basis of the number of marijuana plants for which he was held responsible and the degree of the district court's downward departure under U.S.S.G. Sec. 5K1.1. See United States v. Atkinson, 979 F.2d 1219 (7th Cir. 1992). Montgomery then brought this petition for habeas corpus relief pursuant to 28 U.S.C. Sec. 2255 arguing that (a) the superseding indictment improperly separated the charges of conspiracy to manufacture and conspiracy to distribute; (b) the presentence investigation report inaccurately described the amount of marijuana; and (c) Montgomery received ineffective assistance of counsel. After reviewing the record, see Granada v. United States, 51 F.3d 82, 83 (7th Cir. 1995), we AFFIRM for the reasons stated in the attached opinion of the district court. Other arguments Montgomery raised that were not addressed by the district court are without merit.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 SOUTHERN DISTRICT OF INDIANA
 INDIANAPOLIS DIVISION
 
 2
 United States of America, Plaintiff,
 
 
 3
 v.
 
 
 4
 Jerry Dean Montgomery, Defendant.
 
 Cause No. S. IP 90-113-CR-02, IP 93-1178-C
 
 5
 ENTRY DENYING MOTION TO VACATE OR SET ASIDE CONVICTION AND
 
 DIRECTING ENTRY OF JUDGMENT
 
 6
 BARKER, Chief District Judge.
 
 
 7
 This cause is before the Court on the defendant's motion pursuant to 28 U.S.C. Sec. 2255, on the United States' responses and on the defendant's reply. The Court also has before it the files and records in United States v. Jerry D. Montgomery, No. IP 90-113-CR-02.
 
 
 8
 The Court, having read and examined such motion, response, reply, records and file, and being duly advised, now makes its ruling.
 
 Findings of Fact
 
 9
 1. Defendant Montgomery was charged with others in a superseding indictment returned in this District on November 14, 1990 with the following offenses:
 
 
 10
 Count I Conspiracy to manufacture a controlled substance, a violation of 21 U.S.C. Sec. 841(a)(1) and 21 U.S.C. Sec. 846
 
 
 11
 Count II Manufacture of a controlled substance, a violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2
 
 
 12
 Count III Possession with intent to distribute a controlled substance, a violation of 21 U.S.C. Secs. 841(a)(1) and 18 U.S.C. Sec. 2
 
 
 13
 The controlled substance referred to in each of these counts was marijuana, a Schedule I non-narcotic controlled substance.
 
 
 14
 2. On April 30, 1991 Montgomery, who had been represented by counsel from his initial appearance onward, filed a written petition to enter a plea of guilty. This petition was followed by the filing on May 13, 1991 of the "final plea agreement" between Montgomery and the United States. Pursuant to the terms of that agreement,
 
 
 15
 (1) Montgomery would plead guilty to count 1 of the superseding indictment,
 
 
 16
 (2) the United States would move to dismiss counts II and III as to Montgomery,
 
 
 17
 (3) the imposition and amount of a fine would be at the discretion of the Court, and an assessment of $50.00 would be made,
 
 
 18
 (4) Montgomery would cooperate with the United States in criminal investigations (but would not be prosecuted for information disclosed during the course of such cooperation,
 
 
 19
 (5) at the time of sentencing the United States would file a motion pursuant to 18 U.S.C. Sec. 3553(e) and Section 5K1.1 of the Sentencing Guidelines.
 
 
 20
 (6) pursuant to Criminal Rule 11(e)(1)(C) Montgomery's executed sentence would be capped at eleven (11) years, which was the sentence the United States would argue should be imposed.
 
 
 21
 (7) at the time of sentencing the United States would advise the Court of the nature and extent of Montgomery's cooperation and
 
 
 22
 (8) forfeiture of assets would be a part of the plea agreement, although the nature and amount of the assets to be forfeited could not be determined until Montgomery had been fully debriefed.
 
 
 23
 3. Montgomery appeared in open Court with his attorney on September 5, 1991. He entered a plea of guilty to count I at that time, consistent with his earlier petition and the parties' final plea agreement. The Court inquired of Montgomery into the circumstances and established that the plea was being entered freely and voluntarily.
 
 
 24
 4. Sentencing occurred on September 21, 1991. Montgomery was again present in person and with his attorney. The Court determined the Sentencing Guidelines range to be 151 to 188 months and a five (5) year period of supervised release. It then imposed an eight (8) year executed sentence and a five (5) year period of supervised release and assessed the required $50.00.
 
 
 25
 5. Montgomery appealed, arguing that it was error for this Court to have relied on a figure of more than 10,000 marijuana plants from the presentence report in imposing sentence and that the Court erred in not awarding a more generous downward departure based on his assistance to the Government. These contentions were rejected. United States v. Atkinson, 979 F.2d 1219, 1223-1226 (7th Cir. 1992).
 
 
 26
 6. In the present action Montgomery presents three claims:
 
 
 27
 a) First, he claims that the superseding indictment improperly charges both a conspiracy to manufacture and a conspiracy to distribute--two conspiracies instead of one;
 
 
 28
 b) Second, he claims that his sentence was imposed in violation of Sentencing Guidelines 1B1.4 and 1B1.8; and
 
 
 29
 c) Third, he claims that he did not receive the effective assistance of counsel.
 
 
 30
 7. Any conclusion of law stated below, to the extent that it constitutes a finding of fact, is herein incorporated by reference as an additional finding of fact by the court.
 
 Conclusions of Law
 
 31
 Based on the foregoing, the Court now makes the following Conclusions of Law.
 
 
 32
 1. The statute upon which Montgomery relies in seeking relief provides in part:
 
 
 33
 A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence."
 
 
 34
 2. Here, the defendant's claim concerning the factual basis for the presentence report and the application of Sentencing Guidelines was raised on appeal. He did not prevail because the Court of Appeals explained that he had not challenged the basis for this at the time of sentencing. According to Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), one of the three types of issues which are not reviewable in a Section 2255 proceeding are those "that were raised on direct appeal, absent a showing of changed circumstances." The United States is correct that there is nothing in the circumstances of this case which supports a re-examination of the claim.
 
 
 35
 3. This leaves, in substance, Montgomery's jumbled argument that the conspiracy charge was insufficient. This claim could have been raised on appeal but was not. "[A] federal prisoner's failure to raise a constitutional issue on direct appeal bars raising it in a subsequent Sec. 2255 motion unless the defendant can show cause for and actual prejudice resulting from the error of which he complained." United States v. Kovic, 830 F.2d 680, 683 (7th Cir. 1987) (footnote omitted), cert. denied, 484 U.S. 1044 (1988) (citing Norris v. United States, 687 F.2d 899 (7th Cir. 1982)).
 
 
 36
 4. Montgomery's explanation for his failure to present this claim at the earliest feasible time is that his attorney on appeal was ineffective for failing to raise it. In Murray v. Carrier, 477 U.S. 478, 489 (1986), the Supreme Court stated that ineffective assistance of counsel can be cause for procedural default. However,
 
 
 37
 [s]o long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, [466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)], we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.
 
 
 38
 Murray "explicitly rejected the position that an attorney's ignorance or inadvertence can be sufficient cause for a procedural default." Buelow v. Dickey, 847 F.2d 420, 426 (7th Cir. 1988) cert. denied, 489 U.S. 1032 (1989), citing Murray, 477 U.S. at 491. Rather, to establish "cause" requires that the procedural default be the result of constitutionally ineffective counsel. Id.
 
 
 39
 7. An ineffective assistance of counsel argument requires a two part analysis. Strickland v. Washington, 466 U.S. 668 (1984). First, petitioner must show that counsel's performance fell below an objective standard of reasonableness; petitioner must also show that counsel's failure to meet a reasonable standard of performance caused actual prejudice to petitioner's case. United States v. Rush, 890 F.2d 45, 50 (7th Cir. 1989). With regard to the performance prong, the petitioner must identify the specific acts or omissions of counsel that form the basis of his claim of ineffective assistance. Strickland, 466 U.S. at 690, 104 S.Ct. at 2066. The court "must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 694. Alternatively, however, if a defendant cannot demonstrate prejudice i.e., that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, a court need not determine whether the attorney's performance was in fact deficient. United States v. Slaughter, 900 F.2d 1119, 1124-25 (7th Cir. 1990).
 
 
 40
 8. The defect Montgomery asserts with respect to count I is that it was not sufficiently broad to encompass his conspiracy to distribute as well as his conspiracy to manufacture marijuana. The conspiracy charged in count I thus tracked the substantive charge in count II rather than the substantive charges in both counts II and III. This challenge is not fathomable. Montgomery does not claim that count I was insufficient as a matter of law to charge an offense. He does not, and could not, contend that the manufacture of a controlled substance is legally identical to possession with intent to distribute that controlled substance. There is no logical reason to treat the corresponding conspiracies any less distinctly, although in this case the Government was obviously careful to just charge Montgomery with the conspiracy to manufacture and not with conspiracy to possess with intent to distribute. While Montgomery expresses no appreciation for the care with which the charges were drafted, they seem to have precisely fit his own participation in the offenses. The fact that he was not charged and has not yet been charged with a conspiracy tracing the possession with intent to distribute alleged in count III does not in any way affect the validity of the conspiracy alleged in count I.[1]
 
 
 41
 9. From the foregoing, it is evident that there was no challenge to make to the sufficiency of count I. Could counsel have insisted that Montgomery be charged with more than what he already faced and still be thought the advocate Montgomery deserved under the Sixth Amendment? Hardly. It was thus not unreasonable for his counsel to accept the superseding indictment as it was presented rather than insist on it being expanded. It is also evident, from the lack of substance to this argument that Montgomery has not been prejudiced in the sense that the proceeding was rendered in any way unfair by counsel's failure to challenge the underinclusiveness of the conspiracy alleged in count I. Neither prong of Strickland could be satisfied here and there is therefore no basis for excusing Montgomery's failure to include this meritless claim in his direct appeal.
 
 
 42
 10. Montgomery is not entitled to relief in this case. As stated in United States v. Delgado, 936 F.2d 303, 309 (7th Cir. 1991), cert. denied, 112 S. Ct. 972 (1992), "a judge should dismiss the petition without a hearing if it plainly appears from the facts of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.' Aleman v. United States, 878 F.2d 1009, 1012 (7th Cir. 1989) (quoting Rule 4(b) of the Rules Governing Section 2255 Proceedings)." An evidentiary hearing under the circumstances in this case would serve only to "overburden [the] judicial system [by addressing] another needlessly repetitious and wasteful collateral attack. Olson v. United States, 989 F.2d 229, 233 (7th Cir.) (quoting United States v. Kovic, 830 F.2d 680, 692 (7th Cir. 1987), cert. denied, 484 U.S. 1044 (1988)), cert. denied, 114 S. Ct. 258 (1993).
 
 
 43
 11. Montgomery's motion for relief is denied and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue.
 
 
 44
 IT IS SO ORDERED.
 
 Date: MAR 17 1994
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Montgomery's argument, in fact, would be better used as a defense to a charge of conspiracy to possess with intent to distribute. That is the reasonable context in which his discussion of double jeopardy and multiplicitous charges could be put to good use