896 F.Supp. 898 (1995)
UNITED STATES of America, Plaintiff,
v.
Carl WHITBY, Defendant.
Nos. 92-CR-0069-C-03, 92-C-0194-C and 95-C-0171-C.
United States District Court, W.D. Wisconsin.
August 10, 1995.
*899 *900 Jeffrey Anderson, Steven O'Connor, Asst. U.S. Atty., Madison, WI, for U.S.
Carl V. Whitby, Leavenworth, KS, pro se.

OPINION and ORDER
CRABB, Chief Judge.
Defendant Carl Whitby has moved for an order vacating his sentence for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) on the ground that it was imposed illegally. Although defendant asserts several bases for relief, his primary argument is that his criminal prosecution should have been barred under the double jeopardy clause of the Fifth Amendment in light of the government's prior institution of a parallel civil drug forfeiture action against his personal and real property based on the same conduct. Defendant also contends that his double jeopardy rights were violated when this court relied on his 1989 state drug conviction in declaring him a career offender under § 4B1.1 of the sentencing guidelines because the same conviction had already been used once before by a state court to enhance the sentence he received for a 1990 sexual assault conviction. In addition to these double jeopardy challenges, defendant contends that the government failed to satisfy the procedural requirements of 21 U.S.C. § 851(a)(1) in seeking an enhanced sentence based on his prior drug conviction. Finally, defendant asserts that his lawyer's failure to object to his career offender designation on double jeopardy grounds and failure to raise the alleged § 851(a)(1) procedural deficiencies on direct appeal constituted ineffective assistance of counsel.
For the purpose of deciding this motion, I find the following facts from the record.

RECORD FACTS
On March 6, 1992, the government filed a complaint in rem under 21 U.S.C. § 881(a)(6) and (7) against various bank and brokerage accounts, promissory notes, securities, and real property. On May 6, 1992, defendant was charged in nine counts of an eighteen count indictment. Counsel was appointed to represent him at government expense. Although a copy of the forfeiture complaint and warrant was served on defendant sometime around June 29, 1992, and on defendant's wife and notice was published in two newspapers, defendant did not file a claim in the proceeding and it was closed by entry of default judgment in favor of the government on October 5, 1992.
In the meantime, on July 24, 1992, the government filed a notice of its intent to seek an enhanced sentence against defendant on the basis of a prior drug conviction. On August 12, 1992, defendant entered a plea of guilty to count thirteen of the indictment, which charged him with possession with intent to distribute cocaine. He was sentenced on November 4, 1992, to a term of 210 months, after having been found to be a career offender under § 4B1.1 of the sentencing guidelines because he was more than eighteen years old and had two prior felony convictions for a controlled substance offense or a crime of violence.

*901 OPINION
A threshold question must be addressed before reaching the merits of defendant's motion. Defendant styled his pleading as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and strenuously objects to any characterization of his motion as one brought under 28 U.S.C. § 2255, although he fails to make clear what his objections are. If defendant is concerned that the issues he raises cannot be heard on such a motion, he is mistaken. In any event, it is immaterial whether he believes a § 2255 motion is inadequate for his purposes because it is the only avenue he has for attacking his federal sentence and the underlying conviction. Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir.1994) ("[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255."). Because defendant's challenge goes to the legality of his sentence, I construe it as a motion brought pursuant to 28 U.S.C. § 2255.
Section 2255 motions provide a method by which federal prisoners can challenge their sentences, but they are not a substitute for direct appeal. Doe v. United States, 51 F.3d 693, 698 (7th Cir.), petition for cert. filed, July 3, 1995 (No. 95-5095). The movant must show cause for his failure to raise the challenge on direct appeal and actual prejudice he would incur if he is denied an opportunity to be heard on the challenge. United States v. Frady, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594-95, 71 L.Ed.2d 816 (1982); see also Kelly v. United States, 29 F.3d 1107, 1112 (7th Cir.1994). Defendant has not addressed this question, perhaps because he thinks he can avoid it by having his challenge heard as a petition for a writ of habeas corpus. The defendant's failure to address cause and prejudice is a sufficient reason to deny his motion, but even if defendant could show that his attorney's ineffectiveness was the cause of his failure to appeal the matters he is now raising, he could not prevail on this § 2255 motion because he cannot show actual prejudice. See Frady, 456 U.S. at 168, 102 S.Ct. at 1594-95.
The Fifth Amendment double jeopardy clause protects against being prosecuted for the same offense after an acquittal; being prosecuted for the same offense after a conviction; and being subjected to multiple punishments for the same offense. United States v. Halper, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989); Garrity v. Fiedler, 41 F.3d 1150, 1152 (7th Cir.1994), cert. denied, ___ U.S. ___, 115 S.Ct. 1420, 131 L.Ed.2d 303 (1995). Recent decisions of the United States Supreme Court indicate that a forfeiture proceeding can constitute punishment within the meaning of the Fifth Amendment, even if the proceeding is labeled as civil. See Austin v. United States, ___ U.S. ___, ___, 113 S.Ct. 2801, 2812, 125 L.Ed.2d 488 (1993) (forfeiture actions under 21 U.S.C. § 881(a)(4) and (a)(7) are punitive rather than wholly remedial); United States v. Halper, 490 U.S. at 447-48, 109 S.Ct. at 1901-02 (some civil penalties may constitute punishment for double jeopardy purposes). This view has been embraced explicitly by two federal circuit courts. See United States v. Ursery, 59 F.3d 568 (6th Cir.1995) (invalidating a criminal drug conviction that followed forfeiture of real property under § 881(a)(7)); United States v. $405,089.23 U.S. Currency, 33 F.3d 1210, 1222 (9th Cir. 1994) (invalidating a § 881(a)(6) forfeiture action that followed a criminal drug conviction). The Court of Appeals for the Seventh Circuit has not yet addressed this issue directly but has indicated that separate civil forfeiture and criminal proceedings may violate the double jeopardy clause. United States v. Torres, 28 F.3d 1463, 1465 (7th Cir.), cert. denied, ___ U.S. ___, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994).
In the instant case defendant contends that the forfeiture of his property was punitive and was predicated on the same conduct for which he was subsequently convicted. Therefore, his argument runs, his criminal prosecution violated his double jeopardy rights. Defendant's argument, however, lacks even superficial merit. Defendant attacks the validity of his criminal conviction, but if the double jeopardy clause was violated it barred the forfeiture proceeding, not the criminal one. Defendant asserts that jeopardy attached in the forfeiture action when it *902 was instituted on March 6, 1992, and in his criminal prosecution when he was indicted by the grand jury on May 6, 1992. He is incorrect. Jeopardy in defendant's criminal prosecution attached on August 12, 1992, when the court accepted his guilty plea. See United States ex rel. Stevens v. Circuit Court of Milwaukee County, 675 F.2d 946, 948 (7th Cir.1982); United States v. Messino, 876 F.Supp. 980, 982 (N.D.Ill.1995). By contrast, if jeopardy attached in the uncontested forfeiture proceeding it did so nearly two months later, on October 5, 1992, when the court entered default judgment against the property. See Ragin v. United States, 893 F.Supp. 570, 574-75 (W.D.N.C.1995) (jeopardy attaches in forfeiture proceeding when final judgment of forfeiture is entered); United States v. Martin, 1995 WL 124126 at *5 (N.D.Ill. Mar. 20, 1995) (if jeopardy attaches in uncontested forfeiture proceeding, it attaches at time of final judgment); see also United States v. Ursery, 59 F.3d 568, 571-72 (jeopardy attaches in forfeiture proceeding settled by consent judgment when court accepts stipulation and enters judgment of forfeiture). Consequently, defendant's criminal prosecution could have represented only the first jeopardy, not the second.
Furthermore, even if the forfeiture action had preceded defendant's criminal prosecution, the former probably would not have barred the latter in light of United States v. Torres. Because defendant never filed a claim in the forfeiture action, he never became a party to that action and never faced an adjudication of his culpability. Torres stands for the proposition that without such a determination of a defendant's personal responsibility, he never faces having a forfeiture judgment entered against him and therefore never is placed in jeopardy in the forfeiture proceeding. See United States v. Torres, 28 F.3d at 1465 (defendant who does not file claim in forfeiture proceeding is not at risk and therefore not in jeopardy); Rivera v. United States, 1995 WL 437691, 1995 U.S. Dist. LEXIS 10388 at *18 (S.D.N.Y. July 25, 1995) (collecting cases following Torres holding). Thus, the forfeiture action is not a legitimate basis for defendant's double jeopardy claim. Without a former jeopardy, there can be no double jeopardy. United States v. Torres, 28 F.3d at 1465.
It is worth noting, however, that Torres may be distinguishable. In Torres the defendant administratively forfeited $60,000 in cash and the Seventh Circuit specifically noted that it had no reason to believe that he either owned or had any interest in the funds. United States v. Torres, 28 F.3d at 1465-66. "If Torres lacked an interest in the cash," reasoned the court, "its forfeiture did not impose any penalty on him." Id. at 1466 (emphasis in original). Thus Torres did not address whether a defendant with a clear ownership interest in property that is forfeited administratively has nonetheless been "punished" in the constitutional sense. Cf. United States v. Igbonwa, 1995 WL 422692 at *3 (E.D.Pa. July 12, 1995) (indicating that even when forfeited property is titled in the name of some person, so long as the property is defaulted administratively, without a trial, jeopardy does not attach); United States v. Kemmish, 869 F.Supp. 803, 805 (S.D.Cal. 1994) (same).
In the instant case it is unclear from the record whether defendant had a definite ownership interest in the forfeited property, particularly the real property. In any event, even if defendant could prove he had been punished twice, an issue I need not reach, the remedy would not be a vacation of his sentence but a vacation of the punishment that came second in time: the forfeiture of his property.
Defendant points out that his trial counsel refused to represent him in the civil forfeiture proceeding, but this argument does not change the outcome of his motion. Defendant has no constitutional right to counsel in a civil proceeding, even one that has the punitive consequences of a forfeiture hearing. The right to counsel accompanies the risk of loss of liberty for one year or more; it does not attach to a risk of loss of property. See United States v. 7108 West Grand Ave., 15 F.3d 632, 635 (7th Cir.) ("the Supreme Court has so far been unwilling to deem forfeiture proceedings `criminal' for the purpose of counsel"), cert. denied, ___ U.S. ___, 114 S.Ct. 2691, 129 L.Ed.2d 822 (1994); see also *903 United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir.1995) (no right to counsel in forfeiture proceeding where imprisonment not authorized by forfeiture statute).
Defendant contends that his sentencing as a career offender under § 4B1.1 of the sentencing guidelines constituted another violation of his double jeopardy rights. He asserts that one of the prior convictions relied upon to make this determination had been used previously to enhance another sentence in state court. His argument seems to be that it is a violation of double jeopardy principles to use the same conviction twice for the purpose of enhancing later sentences. This argument is a non-starter. Nothing in the Constitution prohibits the use of a prior conviction to enhance subsequent ones. In fact, such prior convictions are deemed highly relevant to the sentencing process because they indicate the defendant's tendency to commit additional crimes in the future. United States v. Shaw, 26 F.3d 700, 701 (7th Cir.1994). Enhancing a sentence on the basis of a prior conviction is not imposing additional punishment for the first crime but taking into account the defendant's propensity to commit additional crimes and recognizing the need for additional deterrence of persons who do not cease their criminal activity with their prior sentences. Id.
Having concluded that sentencing defendant as a career offender was not unconstitutional, I need not address his additional contention that his lawyer's failure to object to a career offender classification on double jeopardy grounds constituted ineffective assistance of counsel. Irrespective of his attorney's performance, defendant cannot demonstrate the prejudice required to establish a Sixth Amendment claim. See Montgomery v. United States, 59 F.3d 173 (7th Cir.1995) (if petitioner cannot demonstrate actual prejudice, the court need not even determine whether his attorney's performance was deficient) (citing United States v. Slaughter, 900 F.2d 1119, 1124-25 (7th Cir.1990)).
Defendant next contends that the government failed to comply with the procedural requirements of 21 U.S.C. § 851(a)(1) in seeking an enhanced penalty against him on the basis of his prior drug conviction. Section 851(a)(1) prevents the government from seeking any sentence enhancement unless before trial or before the entry of a guilty plea, the United States Attorney files an information with the court identifying the previous convictions relied upon and serves a copy on defendant or his counsel. Defendant never articulates exactly how § 851(a)(1) was violated. The record in this case indicates that it was not. On July 24, 1992, almost three weeks before defendant pleaded guilty, the government filed the requisite information and served a copy of it on defendant's attorney on the same day, giving counsel ample warning that the government would be relying upon defendant's prior state drug conviction to seek an enhanced sentence under 21 U.S.C. § 841. See dkt. # 51.
In light of this conclusion, it is unnecessary to discuss defendant's additional claim that his lawyer's failure to raise the alleged § 851(a)(1) procedural deficiencies on direct appeal constituted ineffective assistance of counsel. Defendant's lawyer had no apparent reason to challenge the notice provided to defendant under § 851(a)(1).
The government's § 851(a)(1) information in this case made no reference to defendant's prior conviction for sexual assault. Defendant appears to be contending that as a result, the court should not have relied on this conviction in classifying him as a career offender under the sentencing guidelines, since that classification led ultimately to a greater sentence for him. Defendant's argument is meritless. The federal circuit courts, including the Court of Appeals for the Seventh Circuit, agree uniformly that § 851(a)(1) is applicable only to enhancements of statutory maximum penalties and not to career offender enhancements under the sentencing guidelines. United States v. Koller, 956 F.2d 1408, 1417 (7th Cir.1992) (citing numerous other circuit opinions finding § 851(a)(1) inapplicable to enhancements under the sentencing guidelines); see also United States v. Day, 969 F.2d 39, 48 (3d Cir.1992) (collecting cases). In other words, an increased sentence as a career offender *904 pursuant to U.S.S.G. § 4B1.1 is not an "enhanced sentence" for purposes of § 851(a)(1). See United States v. Meyers, 952 F.2d 914, 918 (6th Cir.), cert. denied, 503 U.S. 994, 112 S.Ct. 1695, 118 L.Ed.2d 407 (1992).
Finally, defendant makes several additional allegations about the performance of his appointed counsel, including a conclusory one that counsel acted in concert with the government to deny defendant a fair trial. These allegations can be ignored because defendant has not supported them with any factual evidence.

ORDER
IT IS ORDERED that defendant's petition for a writ of habeas corpus is construed as a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 and as such is DENIED.