**UNITED STATES of America**

v.

**Axel HERRERA.**

**Nos. 95 CV 4294, 93 CR 172–1.**

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 29, 1996.

Axel Herrera, Milan—FCI, Milan, MI, Pro Se.

## MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge:

In April 1994, Defendant Axel Herrera was convicted of conspiring to possess cocaine with the intent to distribute, 18 U.S.C. §§ 841(a), 846. Herrera now moves to vacate or correct his sentence under 28 U.S.C. § 2255, raising a number of constitutional, evidentiary, and sentencing guidelines arguments. For general factual background, we rely on the opinion disposing of the defendant's direct appeal, *United States v. Herrera*, 54 F.3d 348 (7th Cir.1995), and proceed directly to discussing Herrera's § 2255 motion. As explained below, we hold that the defendant has procedurally defaulted his claims, which are in any event meritless. Accordingly, we deny the motion.

### I. Procedural Default

 Under 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct a sentence if he proves that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." However, only those nonconstitutional errors that involve a fundamental defect causing a complete miscarriage of justice may be raised in a § 2255 motion. *See Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir.) (error alleged in § 2255 motion must be "jurisdictional, constitutional, or . . . fundamental defect which inherently results in a complete miscarriage of justice"), *cert. denied*, 506 U.S. 976, 113 S.Ct. 469, 121 L.Ed.2d 376 (1992). In addition, a defendant may not use § 2255 as a vehicle to circumvent or substitute for a direct appeal. *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982); *Doe v. United States*, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 205, 133 L.Ed.2d 139 (1995). Accordingly, a defendant cannot raise in a § 2255 motion:

Richard Kornfeld, Asst. U.S. Atty., Chicago, IL, for plaintiff.

(1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, *unless* the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford v. United States,* 975 F.2d 310, 313 (7th Cir.1992) (footnote omitted) (emphasis in original).[1]

 In the instant action, Herrera has procedurally defaulted both his nonconstitutional and constitutional claims. Generally catalogued, Herrera raises two nonconstitutional claims: (1) inadmissible hearsay was introduced against the defendant; and (2) the court misapplied the sentencing guidelines. However, these claims are grounded in the district court record, and thus could have been raised on direct appeal. Accordingly, they have been forfeited. *See id.* at 313.[2]

As for the defendant's constitutional claims, we count three general arguments: (1) the introduction of inadmissible hearsay at trial rose to the level of a due process and Confrontation Clause deprivation, as well as prosecutorial misconduct; (2) Herrera was the victim of "sentencing entrapment" that violated his due process rights, Def.'s Br. at 26; (3) the factual information used for sentencing was so unreliable as to violate due process; and (4) ineffective assistance of trial and appellate counsel. None of these issues were raised on appeal.

 In order to avoid the procedural bar to reviewing the merits of his constitu-

tional claims, the defendant first asserts that he attempted to raise them on direct appeal. It is true that, on September 30, 1994, Herrera moved for leave to supplement his attorney's brief on appeal with additional issues. However, he failed to articulate the supplemental issues that he wished to brief, and the Seventh Circuit denied the motion on October 3, 1994. On October 19, Herrera changed tactics; he moved to strike his appellate counsel's brief, to proceed *pro se,* and for leave to file a *pro se* brief. In the motion, Herrera reported that he wanted to raise two sentencing issues: the district court should have granted him the acceptance of responsibility decrease, U.S.S.G. § 3E1.1, and the district court failed to make a factual finding regarding the defendant's increase in offense level as an "organizer," § 3B1.1(a). However, on November 8, the defendant withdrew the October 19 motion, explaining that he decided against striking his attorney's brief—if stricken, Herrera thought that he would be forced to file a *pro se* brief on all the issues on appeal, not only the supplemental issues.[3] On November 10, the Seventh Circuit granted the motion to withdraw the earlier-filed motion. These attempts to brief supplemental issues cannot be characterized as "cause" for excusing the procedural default. "Cause" is "some external impediment preventing counsel from constructing or raising the claim." *Murray v. Carrier,* 477 U.S. 478, 492, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986). External impediments to raising a claim may include interference by officials, a factual or legal basis "not reasonably available to counsel," and constitutionally ineffective assistance of counsel. *Id.* at 488, 106 S.Ct. at 2645. Here, Herrera first failed to articulate the supplemental issues that he

---

1. While *Castellanos v. United States,* 26 F.3d 717, 719–20 (7th Cir.1994) overruled *Belford* to the extent that *Belford* required a § 2255 movant to demonstrate that he suffered prejudice arising from his attorney's complete failure to file a timely-requested appeal, *Castellanos* did not purport to alter the above quoted language or, more importantly for our purposes, the inability of a defendant to raise nonconstitutional issues in a § 2255 motion where the issues could have been but were not raised on direct appeal.

2. Even if not procedurally defaulted, we would hold that the nonconstitutional claims are merit-

less. We discuss the hearsay arguments below, *see infra* at Part II, and as for the sentencing guidelines arguments, we reject them based on the trial testimony, the presentence investigation report, and most importantly, the Addendum to the Presentence Investigation Report. *See* Addendum ¶¶ 1, 2, 4 (April 21, 1994).

3. Also in the November 8 motion, Herrera added a third supplemental issue that he had wished to brief: the amount of cocaine used for sentencing purposes, § 2D1.1.

wished to brief, and then voluntarily withdrew the second motion for leave to file a *pro se* brief; the defendant made the typically difficult choice between proceeding *pro se* or with counsel. Accordingly, Herrera. has failed to articulate "cause" for the procedural default.

■ Next, Herrera maintains that the ineffective assistance of his appellate counsel is cause for excusing procedural default of his constitutional claims. To prove ineffective assistance, the defendant "must establish that his attorney's performance fell below an objective standard of reasonableness. and that he was prejudiced by his attorney's error such that the result of the proceeding was rendered fundamentally unfair or unreliable." *Mason v. Godinez,* 47 F.3d 852, 855 (7th Cir.) (citing *Lockhart v. Fretwell,* 506 U.S. 364, 368, 113 S.Ct. 838, 842, 122 L.Ed.2d 180 (1993) and *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)), *cert. denied,* — U.S. ——, 116 S.Ct. 125, 133 L.Ed.2d 74 (1995). "Both prejudice under *Strickland* and prejudice in the 'cause and prejudice' test ... require the petitioner to address the merits of the claims in his 2255 motion." *Belford,* 975 F.2d at 314. Accordingly, we discuss below Herrera's claims and conclude that they are meritless; as a result, not only has Herrera failed to show prejudice—and thus fails to avoid procedural default of his constitutional claims—but in the alternative, his constitutional claims would fail on the merits even absent a procedural bar.

## II. Discussion

### A. Hearsay

■ Herrera complains that government witnesses were permitted to relate hearsay during trial, resulting in violations of his constitutional rights. Specifically, the defendant argues that the government's informant, Ralph Alvarez, made "prior consistent statements" during testimony. Def.'s Br. at 6–10. However, much of the testimony to which Herrera points does not even concern an out-of-court statement, Fed.R.Evid. 801(c); for example, the defendant relies on the informant's testimony regarding the number of drug deals in which Herrera and the defendant engaged. Def.'s Br. at 8. Only two portions of the testimony of which Herrera complains. are out-of-court statements: a statement by Alvarez to a special agent that "I was trying to set up a deal here in his home town," and a statement by Alvarez, while working undercover, to Axel that "I would be coming up to make it at least worth my. while, try to move at least 15 kilos," Def.'s Br. at 9–10. The defendant failed to object to either of these two statements at trial; in any event, the former statement presumably was admissible as a statement of Alvarez's then existing state of mind, Fed.R.Evid. 803(3), and the latter statement was not offered to prove the truth of the matter asserted, Fed.R.Evid. 801(c). Accordingly, the statements were admissible under the Federal Rules of Evidence, and certainly did not rise to the level of a Confrontation Clause violation, *see Miles v. Burris,* 54 F.3d 284, 288 (7th Cir.1995).

■ In addition, we reject Herrera's attacks on other portions of the trial testimony. Herrera labels as inadmissible hearsay his drug deal negotiations with the government's informant, Def.'s Br. at 14–15; however, the negotiations were admissible as party-admissions, Fed.R.Evid. 801(d)(2)(A). Testimony detailing the dates and times that Herrera telephoned various phone numbers, Def.'s Br. at 16–17—again, to which no objections were made—was properly derived from business records, Fed.R.Evid. 803(6). Finally, law enforcement officers could testify as experts concerning the amount of cocaine a person would typically use at one time, the market price of a gram of cocaine, Def.'s Br. at 17–18, 19–20, and the use of communication devices by drug dealers, Def.'s Br. at 20–21. *Cf. United States v. Jackson,* 51 F.3d 646, 651 (7th Cir.1995); *United States v. Ramirez,* 796 F.2d 212, 216 (7th Cir.1986). In sum, the testimony to which Herrera points does not provide any basis for granting relief.

### B. Sentencing

■ Similarly, we reject Herrera's attacks on his sentence. First, the defendant argues that he was the victim of sentencing entrapment or manipulation, Def.'s Br. at 26–

31. As far as we can discern, Herrera argues that he was not predisposed to dealing in the large amounts of cocaine with which he was charged; rather, the government entrapped him into dealing in the larger amounts. In addition, Herrera seems to claim that the government improperly prolonged the investigation solely in order to increase the amount of cocaine attributable to him for sentencing purposes. In light of the ambiguity in Herrera's briefs, it is unclear whether the defendant means to argue that (1) he should have received a downward departure based on Application Note 17 of USSG § 2D1.1,[4] or (2) that the government engaged in conduct so "outrageous" as to violate due process, *United States v. Messino*, 55 F.3d 1241, 1256–57 (7th Cir.1995), or (3) that Herrera was the victim of "sentencing entrapment" because he lacked the predisposition to deal in large quantities, *see United States v. Lenfesty*, 923 F.2d 1293, 1300 (8th Cir.1991), or (4) that the government engaged in "sentencing manipulation" to increase his punishment, *United States v. Muthana*, 60 F.3d 1217, 1224–25 (7th Cir. 1995).

Regardless of which theory—or theories—Herrera advances, Herrera cannot succeed in light of the evidence produced at trial. The per-kilogram price of cocaine set for the deal was negotiated by the defendant, and indeed was within the market price range at the time. Thus, the price was not "substantially below the market value of the controlled substance," § 2D1.1, comment. (n. 17), nor was the government conduct during the investigation "outrageous," "entrapment," or "manipulation"—assuming that any of these theories could alone justify modifying the sentence, *see Muthana*, 60 F.3d at 1225.

■ Next, the defendant claims that his right to due process was violated because of the unreliability of the price per kilogram used to compute the amount of cocaine attributable to him for sentencing. *See United States v. Vold*, 66 F.3d 915, 918 (7th Cir. 1995). However, based on the trial testimony, presentence investigation report, and Addendum to the Presentence Investigation Report, *see supra* n. 2, sufficiently reliable evidence supported the information used for sentencing. *See United States v. Garcia*, 66 F.3d 851, 857–58 (7th Cir.1995).

### C. Ineffective Assistance of Counsel

■ Finally, the defendant argues that he received ineffective assistance of counsel at both the trial and appellate levels.[5] However, to the extent that the ineffective assistance of counsel claims are premised on the failure to raise the arguments discussed above, Herrera cannot demonstrate prejudice, and thus cannot show constitutionally ineffective assistance. *See Strickland*, 466 U.S. at 692, 104 S.Ct. at 2067. Likewise, Herrera's assertion that trial counsel failed to review with Herrera the presentence report, and thus failed to alert Herrera to the alleged sentencing guidelines errors, Def.'s Reply at 11–13, also cannot support an ineffective assistance claim because he suffered no prejudice—no false information was used. *See Basile v. United States*, 999 F.2d 274, 276–77 (7th Cir.1993).

■ To the extent Herrera argues that trial counsel failed to adequately investigate his defense and to call witnesses, Def.'s Reply at 6, the defendant does not articulate what further investigation was warranted, what facts further investigation would uncover, and which witnesses trial counsel should have presented. Thus, Herrera has failed to support his ineffective assistance of trial counsel claim. *United States v. Balzano*, 916 F.2d 1273, 1296–97 (7th Cir.1990); *United States v. Olson*, 846 F.2d 1103, 1109–10 (7th Cir.), *cert. denied*, 488 U.S. 850, 109 S.Ct. 131, 102 L.Ed.2d 104 (1988).

---

4. In pertinent part, Application Note 17 states:
 If, in a reverse sting, ... the court finds that the government agent set a price for the controlled substance that was substantially below the market value of the controlled substance, thereby leading to the defendant's purchase of a significantly greater quantity of the controlled substance than his available resources would have allowed him to purchase except for the artificially low price set by the government agent, a downward departure may be warranted. USSG § 2D1.1, comment. (n.17).

5. Herrera was represented on appeal by a different attorney from the counsel at trial. *See* Motion for Substitution of Counsel (Docket Entries 256, 257) (April 1, 1994).

### III. Conclusion

For the reasons set forth above, we deny the defendant's § 2255 motion. It is so ordered.