**UNITED STATES of America, Plaintiff,**

v.

**Larry A. MARTIN, Defendant.**

**No. 95 C 5303.**

United States District Court,
N.D. Illinois,
Eastern Division.

April 4, 1996.

Asst. U.S. Atty., Colleen Coughlin, United States Attorney's Office, Chicago, IL, for plaintiff.

Larry Martin, pro se.

### MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge:

In June 1992, a jury found Defendant Larry Martin guilty of conspiring to possess narcotics with the intent to distribute, 21 U.S.C. § 846. Martin now moves *pro se* under 28 U.S.C. § 2255 to vacate his conviction and sentence, arguing that a civil forfeiture default judgment entered against his house imposed punishment upon him under the Double Jeopardy Clause and thus barred his criminal conviction. For the reasons set forth below, we deny the motion.

### I. Background

On June 13, 1991, Martin was charged in one count of a multi-count, multi-defendant indictment, assigned case number 91 CR 463. Also on that day, the government filed a verified complaint against a house located at 1116A West 87th Street in Chicago, seeking forfeiture under 21 U.S.C. § 881. Govt.'s Resp., Ex. I, Verified Compl. ¶ 1. Specifically, the forfeiture complaint asserted that Martin used the property to facilitate possession of cocaine with the intent to deliver, and thus was forfeitable under 21 U.S.C. § 881(a)(7). Verified Compl. ¶¶ 6–9. Furthermore, the complaint alleged, Martin had purchased the house with $45,000 in cash, which Martin obtained as proceeds from illegal drug transactions; thus, the house was also forfeitable under § 881(a)(6). Verified Compl. ¶¶ 10–12. The civil forfeiture was designated case number 91 CV 3694, and was assigned to District Judge Parsons.

Eventually, on May 8, 1992, Judge Parsons granted the government's motion for default judgment and decree of forfeiture. No one had filed a claim for the property, although Martin asserts that he never received notice of the forfeiture proceeding. Meanwhile, the defendant's criminal trial began, significantly, *prior* to the entry of default judgment; in April 1992, the jury in the criminal trial was empaneled. On June 1, 1992, the jury returned the guilty verdict for conspiracy. In 1995, the Seventh Circuit affirmed. *United States v. Willis,* 49 F.3d 1271 (7th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 136, 133 L.Ed.2d 84 (1995).

Presently before this court is the defendant's motion to vacate his conviction and sentence under 28 U.S.C. § 2255. We address his arguments in turn, first explaining why § 2255 is an improper vehicle by which to challenge the default judgment, and then discussing why his double jeopardy claim fails.

### II. Discussion

#### A. Challenging the Default Judgment

Martin first directs our attention to an asserted due process violation in the civil forfeiture proceeding. Def.'s Br. at 3–4. According to the defendant, he never received notice of the forfeiture proceeding, and was denied a meaningful opportunity to be heard. Although the government points out that Martin evaded arrest on the criminal indictment issued in June 1991, and concomitantly evaded service on the warrant of seizure issued in the forfeiture proceeding, Martin still seeks to challenge the default judgment via this § 2255 motion.

However, § 2255 is an improper means for challenging the civil forfeiture. Section 2255 provides in pertinent part:

A prisoner in custody under sentence ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Although Martin is "in custody under sentence" for a federal conviction, § 2255 only authorizes motions to overturn or correct the "sentence." To the extent that Martin challenges the default judgment, he does not challenge a "sentence" under § 2255, but rather a judgment in a civil case. Although "civil" sanctions may constitute, in some circumstances, "punishment" for purposes of the Double Jeopardy Clause, e.g., United States v. Halper, 490 U.S. 435, 446–47, 109 S.Ct. 1892, 1900–01, 104 L.Ed.2d 487 (1989), the judgment in a civil forfeiture proceeding does not fit within the plain meaning of the term "sentence." In addition, the statutes setting forth the federal sentencing scheme consistently refer to "sentences" as imposed upon persons found "guilty" for "offense[s]," "criminal conduct," and "crimes," and direct courts to follow the sentencing guidelines, which address criminal convictions. 18 U.S.C. §§ 3551, 3553. Accordingly, Martin cannot present a challenge to the default judgment through this § 2255 motion. Accord Dawkins v. United States, 883 F.Supp. 83, 85 (E.D.Va.), aff'd, 67 F.3d 297 (4th Cir. 1995) (unpublished opinion); United States v. Pearson, 891 F.Supp. 549, 550 (D.Or.1995); United States v. Jones, Nos. 95 C 2907, 92 CR 427, 1995 WL 443929, at *6 (N.D.Ill. July 24, 1995).[1]

### B. Double Jeopardy

Vacating the default judgment is not, however, the primary relief sought by Martin. Instead, the defendant mainly seeks to vacate the sentence imposed for the conspiracy

conviction by arguing that, under the Double Jeopardy Clause, the criminal proceeding placed him twice in jeopardy because the civil forfeiture constituted a prior jeopardy. Although the government offers a multitude of reasons for rejecting the double jeopardy argument, we need not discuss them all in order to explain the fatal defects in Martin's claim.[2]

First, the forfeiture proceeding never placed the defendant in "jeopardy." In United States v. Torres, 28 F.3d 1463, 1465 (7th Cir.), cert. denied, —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994), the Seventh Circuit held that where a defendant was not at risk in a forfeiture proceeding, the defendant was not placed in jeopardy. Accord United States v. $184,505.01 in U.S. Currency, 72 F.3d 1160, 1167–68 (3d Cir. 1995); United States v. Arreola–Ramos, 60 F.3d 188, 192–93 (5th Cir.1995). The defendant in Torres did not make a claim to the property at issue, never became a party to the forfeiture proceeding, and thus bore no risk of a determination of guilt. 28 F.3d at 1465. Similarly, Martin never filed a claim, did not become a party to the forfeiture proceeding, and thus was never in jeopardy.[3] Accordingly, we conclude that the criminal proceeding was the defendant's first, not second, jeopardy.

Alternatively, the timing of the forfeiture and criminal proceedings forecloses Martin's claim. Where a forfeiture proceeding is disposed of by a default judgment, jeopardy attaches at the entry of that judg-

---

1. Other means exist for vacating the default judgment; as the government points out, the Federal Rules of Civil Procedure provide for such a claim.

2. Among the government's proffered reasons is the defendant's failure to raise the double jeopardy claim at trial and on direct appeal, rendering the claim procedurally defaulted. Martin argues that ineffective assistance of counsel provides him with cause for the default, and that the ineffectiveness prejudiced him. Because the determination of prejudice involves some examination of the merits of the double jeopardy claim, we engage in that analysis. See United States v. Herrera, 918 F.Supp. 243, 246–47 (N.D.Ill.1996).

3. Although the defendant in Torres received notice of the forfeiture proceeding, and Martin maintains that he did not, an alleged lack of

notice did not place Martin in anymore jeopardy than receipt of notice would have; he was still a non-party to the forfeiture proceeding and faced no risk. See Arreola–Ramos, 60 F.3d at 192–93; United States v. Leaniz, No. CR–2–90–18, 1995 WL 143127, at *2–3 (S.D.Ohio Mar. 31, 1995); United States v. Colon, No. CR 90–431–07, 1996 WL 114810, at *3 (E.D.Pa. Mar. 13, 1996). And although there existed no clear reason to believe that the defendant in Torres owned the forfeited property, and Martin apparently purchased the forfeited house, again Martin was free from the risk of a determination of guilt because he never made a claim to the property and was a non-party to the forfeiture proceeding. United States v. One Parcel of Real Estate Located at Rural Route 9, 900 F.Supp. 1032, 1036 (C.D.Ill.1995).

ment. *United States v. Falkowski,* 900 F.Supp. 1207, 1210 (D.Ala.1995); *McGowan v. United States,* 899 F.Supp. 1465, 1467 (W.D.N.C.1995); *United States v. Whitby,* 896 F.Supp. 898, 902 (W.D.Wis.1995); *United States v. Pearson,* 891 F.Supp. 549, 550 (D.Or.1995); *United States v. Martin,* 95 C 609, 90 CR 452, 1995 WL 124126, at *5 (N.D.Ill. March 20, 1995), *modified in part and on other grounds,* 52 F.3d 328 (7th Cir. 1995) (unpublished opinion). In the instant action, the default judgment was entered on May 8, 1992. However, jeopardy in the criminal proceeding attached when the jury was empaneled in April 1992. *Crist v. Bretz,* 437 U.S. 28, 35, 98 S.Ct. 2156, 2160–61, 57 L.Ed.2d 24 (1978). Thus, if jeopardy attached at all, it attached first in the criminal proceeding, not the forfeiture proceeding. Accordingly, Martin's only remedy would be to vacate the default judgment as the second jeopardy, not the criminal conviction.

 Finally, the forfeited house represented proceeds of illicit drug trafficking, and thus forfeiture of the house did not constitute a punishment for double jeopardy purposes. *Smith v. United States,* 76 F.3d 879, 883 (7th Cir.1996); *see also United States v. Salinas,* 65 F.3d 551, 554 (6th Cir.1995). *But see United States v. $405,089.23 U.S. Currency,* 33 F.3d 1210 (9th Cir.1994), *amended on denial of reh'g,* 56 F.3d 41 (9th Cir.1995), *cert. granted,* —— U.S. ——, 116 S.Ct. 762, 133 L.Ed.2d 707 (Jan. 12, 1996). The court in *Smith* explained that "proceeds" of drug trafficking, such as "the property or money exchanged for contraband," and the property traceable to such contraband, are by definition remedial and not punitive. 76 F.3d at 883. Thus, the defendant in *Smith* was not placed in jeopardy when the government won forfeiture of cash, a jeep, and real property in Colorado that constituted proceeds of drug dealing. *See id.* at 880.

Likewise, the forfeiture proceeding brought against Martin specified that he had purchased the house with cash acquired from drug transactions, and that the house was thus forfeitable under 21 U.S.C. § 881(a)(6). Verified Compl. ¶ 12. It is true that the verified complaint also sought forfeiture of the house under § 881(a)(7) as property used to facilitate a drug crime, but this was simply an additional basis for forfeiture, not an imposition of any additional punishment. Accordingly, the house's forfeiture did not constitute punishment for double jeopardy purposes, and Martin's claim must fail.

## III. Conclusions

For the reasons stated above, we deny Martin's motion to vacate his sentence.

It is so ordered.